MATTER OF CHONG

In Visa Petition Proceedings

A-17119216

*Decided by Board November 7, 1968*

Beneficiary, who was born to the United States citizen petitioner's husband and a concubine during the present marriage of petitioner and her husband, who was brought into the household of petitioner and her husband when 2 years of age and reared as one of their own children, and whose birth was registered in the Korean Family Register (even though registered by the husband/father as his child and that of his wife, the petitioner), is deemed adopted under the Korean Civil Code of 1960; hence, beneficiary, having been adopted when under 14 years of age, is an adopted child within the meaning of the Immigration and Nationality Act, as amended.

ON BEHALF OF PETITIONER: Pro se

The case comes forward on appeal from the order of the Officer-in-Charge, Tokyo, Japan, dated July 10, 1968 denying the visa petition for the reason that the facts presented disclose that the petitioner is not the mother of the beneficiary, but the beneficiary was born to her husband and a concubine during their present marriage. The facts further disclosed that the beneficiary has never been legitimated or adopted by the petitioner. It was concluded that the beneficiary was not a child as defined in section 101(b)(1) of the Act.

The petitioner, a native of Honolulu, Hawaii and a citizen of the United States by birth, 41 years old, female, seeks immediate relative status on behalf of the beneficiary as her stepson or adopted son. The beneficiary is a native and citizen of Korea, 16 years old.

The evidence establishes that the petitioner and her husband, Ki Pong Yun, a native and citizen of Korea, were married on July 28, 1947 as reported in the Korean Census Family Register. Seven children were born of this marriage. The beneficiary was born on January 3, 1952 in Korea to the petitioner's husband and a concubine, Chong Pun Yi, who died on April 8, 1954. Upon the

45

death of the natural mother, the petitioner's husband brought the child into their home and reported his birth in the Family Register on October 4, 1961. The Family Register shows that the beneficiary is registered as the child of Yun Ki Bong, father, and that his mother is shown as Ok Kyung Hee, whereas the true mother was the concubine, Chong Pun Yi. The petitioner and her husband received the beneficiary into the household and raised him as one of their own children. The petitioner seeks to have the beneficiary immigrate with the other members of the family.

Inquiry was directed to the Library of Congress to ascertain whether the beneficiary had any status under Korean law, either as a legitimate or as an adopted child,[1] or as a stepchild.

Under Article 855, paragraph 2, of the Korean Civil Code (Law No. 471, Feb. 22, 1958; effective January 1, 1960) a [recognized] child born out of wedlock shall acquire the status of a legitimate child by reason of the marriage of its father and mother as from the time of the marriage. Therefore, under Korean law, the beneficiary is neither a legitimate nor a legitimated child.

Additional information regarding adoption as well as legitimation has been supplied by the Library of Congress.[2] The pertinent portion of this article is attached hereto and made a part hereof.

Under the old Korean law, prior to the new Civil Code of 1960, it was not permissible for an individual to adopt his or her child born out of wedlock. Such an adoption was held to be contrary to Korean customary law by the High Court, the court of last resort, during the Japanese occupation.

Under the new Civil Code of 1960, there are no express provisions covering this subject. In the absence of any specific provisions, it may be construed that such an adoption is not prohibited. Regarding this question, Mr. Mun Chong-song, an authority on Korean law, refers to Article 877 of the Civil Code which concerns the prohibition of the adoption of a lineal ascendant or older person, and states that a person may adopt persons to whom he or she actually stands in parental relationship: *i.e.,* a stepchild, a recognized child or a child born out of wedlock, ex-

---

[1] Section 101(b) (1) (E) of the Immigration and Nationality Act, defines the term "child" to include a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

[2] Prepared by Dr. Sung Yoon Cho, Far Eastern Law Division, Law Library, Library of Congress.

46

cepting his or her legitimate children. If a husband and wife wish to adopt his or her child born out of wedlock in order to give the child the status of a child born during the marriage, a joint adoption [mentioned in Article 876] by the husband and wife is necessary.

Neither the Civil Code nor the Family Registration Law deals with the question of whether and under what circumstances the registration of the child by an individual as his child and that of his wife constitutes such an adoption. In the absence of specific provisions, the following statement made by Professor Kim regarding notification of an adoption in general is perhaps pertinent: An adoption becomes effective by giving notification thereof in accordance with the form prescribed by the Family Registration Law (signed by both parties and two witnesses). Without the procedural requirement of the registration, there would be no legally valid adoption, even though the parties have agreed to effect an adoption or they have lived together as parent and child. The intention of adoption should be shown on the part of the two parties when the registration is completed and filed. With respect to the case where the father gives false notification to the Family Registrar, stating his natural child born out of wedlock is his child and that of his wife, Professor Chong Kwang-hyon is of the opinion that in a strict sense, such notification is not valid although its validity may not be seriously questioned. However, it should be given the effect of recognition because the intention of the father to recognize the child is manifested through the said notification. This is called "quasi-recognition" and "conversion of a void act" set forth in Article 138 of the Civil Code.

According to the information furnished by the Library of Congress, the beneficiary was registered on October 4, 1961 in the Korean Family Register and the new 1960 Law is applicable to the case. Under the new Civil Code of 1960 there are no express provisions concerning whether it is permissible for an individual to adopt his or her child born out of wedlock. In the absence of any specific provisions, it may be construed that such an adoption is not prohibited, according to Korean authorities. The adoption must be a joint adoption by the husband and wife, such as occurred in this case. Where the father gives false notification to the Family Registrar stating his child born out of wedlock was his child and that of his wife, its validity may not be seriously questioned and it should be given the effect of recognition because the intention of the father to recognize the child is manifested

through the said notification. Accordingly, it would appear that under the facts of this case, there has been effected an adoption such as would be sufficient to give the beneficiary the status of an adopted child for immigration purposes, inasmuch as the beneficiary was adopted while under the age of 14 years as required by the immigration laws. The visa petition will be approved.

ORDER: It is ordered that the visa petition be approved for immediate relative status.

## ADDENDUM

### III. Adoption of a Child Born out of Wedlock by its Parent.

Under the old Korean law, it was not permissible for an individual to adopt his or her child born out of wedlock.[1] Such an adoption was held to be contrary to Korean customary law by the High Court, the court of last resort, during the Japanese occupation.[2]

Under the new Civil Code of 1960, there are no express provisions covering this subject. In the absence of any specific provisions, it may be construed that such an adoption is not prohibited.[3]

Regarding this question, Mr. Mun Chong-song, however, refers to Article 877 of the Civil Code and interprets it as follows:

> Under this provision (concerning the prohibition of the adoption of a lineal ascendant or older person) . . . a person may adopt a nephew or niece, the child of a first cousin, a younger brother or sister . . . or even persons towards whom he or she actually stands in parental relationship, *i.e.*, a step-child, a recognized child or a child born out of wedlock, excepting his or her legitimate children . . .[4]

Professor Kim Chu-su elaborates this subject further stating that "if husband and wife wish to adopt his or her child born out of wedlock in order to give the child the status of a child born during the marriage, a joint adoption by the husband and wife [mentioned in Article 876] is necessary."[5]

---

[1] Kim Chu-su, *Sin Ch'inzok sangsokpĕp* [New Law of Relatives and Succession], Seoul, Pŏpmunsa, 1964, p. 204.

[2] Judgment of October 4, 1931. See Kôkichi Nagumo, *Genkô Chôsen shinzoku sôzokuhô ruishû* [Present Korean Law of Relatives and Succession], Seoul, Osakayagô Shoten, 1936, p. 213.

[3] Kim, Chu-su, *Sin Ch'inzok sangsokpŏp*, p. 213.

[4] Mun Chong-song, *Sin Mimpŏp t'ongnan* [Commentary on the New Civil Code], Seoul, Pŏpchŏngsa, 1960, p. 630.

[5] Kim, Chu-su, "Ipyang singo," [Notification of Adoption], *Sapŏp haengjŏng*, Vol. 5, No. 8 (1964), p. 80.

However, he distinguishes the adoption of the husband's child born out of wedlock from that of the wife's child born out of wedlock:

In the former case, an adoption seems to be difficult because an objection on the part of the future legitimate mother (the lawful wife of the father of a natural child) who will become the adoptive mother is anticipated. However, if the future legitimate mother agrees to effect such an adoption or she is no longer alive, the said adoption would be effected without too much difficulty. In the latter case, no objection to an adoption is likely to occur, because the natural mother who also becomes the adoptive mother has no conflicting interests. The child's mother who is a party to an adoption can agree to effect an adoption in the capacity of the adoptive mother and also can consent to it as the natural mother in behalf of a minor child.[6]

Neither the Civil Code nor the Family Registration Law deals with the question of whether and under what circumstances the registration of the child by an individual as his child and that of his wife constitutes such an adoption. In the absence of specific provisions, the following statement made by Professor Kim regarding notification of an adoption in general is perhaps pertinent:

An adoption becomes effective by giving notification thereof in accordance with the form prescribed by the Family Registration Law (signed by both parties and two witnesses). Without the procedural requirement of the registration, there would be no legally valid adoption even though the parties have agreed to effect an adoption or they have lived together as the parent and child. The intention of adoption should be shown on the part of the two parties when the registration is completed and filed. If one of the parties withdraws the intention after signing the registration, the Family Registrar has the duty to reject such registration [Article 881]. However, the Family Registrar is only empowered to review the documents presented before him, not to check the existence of actual intentions of both parties to an adoption.[7]

With respect to the case where the father gives false notification to the Family Registrar stating his natural child born out of wedlock as his child and that of his wife, Professor Chong Kwang-hyon is of the opinion that:

In Korea there are many cases in which the father gives false notification to the Family Registrar stating his child born out of wedlock as his child and that of his wife. In a strict sense, such notification is not valid although its validity may not be seriously questioned. However, it should be given the effect of recognition because the intention of the father to recognize the child is manifested through the said notification. This is called "quasi-recog-

---

[6] *Ibid.* With regard to the latter instance, see also *Ch'oesin hojŏk silmu ch'ongnan* [New Manual of Family Registration], Seoul, Han'guk Sapŏp Haengjŏng Hakhoe, 1964, pp. 360–361.

[7] Kim Chu-su, "Ipyang singo," p. 79.

nition" and "conversion of a void act" set forth in Article 138 of the Civil Code.[8]

Prepared by:   Dr. Sung Yoon Cho
  Far Eastern Law Division
  Law Library
  Library of Congress

---

[8] Chong Kwang-hyon, *Sinch'inzok sangsokpop yoron* [New Law of Relatives and Succession], Seoul, Isong Munhwasa, 1958, p. 207. See also Kwon Il, *Kankoku shinzoku sôzoku hô* [Korean Law of Relatives and Succession], Tokyo, Kôbundâ, 1961, p. 113; and *Pomnyurhak sajon*, [Legal Dictionary], Seoul, Popmunsa, 1964, pp. 721-722.